UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS J. LA CASSE,                                    *
                                                      *
        Plaintiff,                                    *
                                                      *
                                                      *
        v.                                            *
                                                      *    Civil Action No. 15-13503-MGM
WELLS FARGO BANK, N.A., as Trustee                    *
For Soundview Home Loan Trust                         *
2007-OPT4, Asset-Backed Certificates,                *
Series 2005-OPT4; OCWEN LOAN                          *
SERVICING, LLC; HOMEWARD                              *
RESIDENTIAL, INC.; and AMERICAN                       *
SECURITY INSURANCE COMPANY,                           *
                                                      *
        Defendants.                                   *

ORDER

July 22, 2016

MASTROIANNI, U.S.D.J.

        This action was removed to this court on October 5, 2015. (Dkt. No. 1.) Plaintiff

filed a motion for leave to file a second amended complaint[1] on March 21, 2016, the

deadline for doing so under the court's Scheduling Order. (Dkt. Nos. 66, 67.) On April 8,

2016, the court denied Plaintiff's motion without prejudice because the proposed second

amended complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure.

(Dkt. No. 72.) Thereafter, on April 21, 2016, Plaintiff filed another motion for leave to

amend the complaint, which the court allowed despite noting Defendants' objections that

Plaintiff did not cure all the deficiencies previously identified by the court. (Dkt. No. 79.)

Nevertheless, rather than filing the proposed second amended complaint for which leave to

---

[1] Plaintiff amended the complaint once in state court prior to removal. (Dkt. No. 21.)

file had been granted, Plaintiff filed yet another motion to amend on June 2, 2016, which

the court allowed as unopposed on June 17, 2016. (Dkt. No. 81.) The court's order

specifically directed Plaintiff's counsel[2] to "*now* file the document for which leave to file has

been granted in accordance with CM/ECF Administrative Procedures." (*Id.* (emphasis

added).) Plaintiff, however, did not do so. On July 11, 2016, the court ordered: "Plaintiff

shall *immediately* file the Proposed Fourth Amended Complaint for which the court granted

leave to file on June 17, 2016." (Dkt. No. 83 (emphasis added).) To date, Plaintiff still has

not filed this document.

The court now Orders Plaintiff to file, in accordance with CM/ECF procedures, the

proposed second amended complaint (Dkt. No. 80, Ex. 1) which the court has granted Plaintiff

leave to file no later than 2:00 p.m. on July 26, 2016. Should Plaintiff fail to do so, he faces

dismissal of this action due to failure to prosecute and failure to obey this Order. *See, e.g., Tower*

*Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) ("[D]isobedience to court orders, in

and of itself, constitutes extreme misconduct (and, thus, warrants dismissal) . . . .); *Rosario-Diaz v.*

*Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("[A] litigant who ignores a case-management deadline

does so at his peril.").

It is So Ordered.

    /s/ Mark G. Mastroianni

    MARK G. MASTROIANNI

    United States District Judge

---

[2] As of April 22, 2016, Plaintiff has been represented by an attorney. (Dkt. No. 77.)